M. Lamadrid & Co., Sucrs., demandante y apelante, *v.* Guillermo J. Guerrero, demandado y apelado; Juan G. Gallardo, como Tesorero de P. R. y L. A. MacLeod, como Auditor de P. R., interventores especiales y apelados.

No. 5463.—*Sometido:* Julio 19, 1932. *Resuelto:* Julio 30, 1932.

*Pellón & Ayuso,* abogados de la apelante; *Hon. Attorney General James R. Beverley* y *Emilio de Aldrey, Subprocurador,* abogados de los interventores apelados.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Se trata en este caso de una apelación contra una resolución dictada por la Corte de Distrito de San Juan el día 11 de junio de 1930, declarando con lugar una moción presentada por los interventores especiales en este caso, el Tesorero y el Auditor de Puerto Rico, para anular un embargo trabado en ejecución de sentencia por el márshal de la corte de distrito a petición de la demandante M. Lamadrid & Co., Sucrs., sobre fondos que se hallan en poder de dicho Tesorero de Puerto Rico, provenientes del 10 por ciento retenido por el Comisionado del Interior de Puerto Rico como remanente de un contrato celebrado entre este último y el demandado Guillermo J. Guerrero para la construcción de la carretera de Vega Baja, Corozal y Morovis. Los interventores especiales formularon oposición alegando entre otras cosas que los fondos no eran embargables por estar en poder del Tesorero de Puerto Rico, y además porque dicha suma estaba en poder de los interventores para responder a cualquier reclamación que se presentara contra el referido demandado, ya fuera por trabajo o material suministrado para la construcción de dicha carretera o por daños a los propietarios. La corte de distrito anuló el embargo y la demandante interpuso recurso de apelación contra la resolución de la corte, atribuyendo a la misma cuatro errores que pueden reducirse a dos.

En los errores primero y cuarto se alega que la corte erró al declarar válida la condición que aparece en la sección 41 de las condiciones generales para la contratación de obras públicas insulares.

Sostiene el apelante que dicha sección 41 debe ser declarada nula por cuanto establece una condición potestativa y su cumplimiento queda a voluntad de una de las partes contratantes, quien puede a su antojo ofrecer al Departamento del Interior la evidencia del pago de su deuda según se determina en dicha sección 41. Copiamos a continuación la sección cuya nulidad se pide:

"*Recepción Definitiva; Terminación del Contrato.*—La recepción definitiva de las obras tendrá lugar terminado que sea el plazo de garantía y de entretenimiento de las obras estipulado en el contrato, cuyo plazo en ningún caso podrá ser de menos de cuatro meses.

"Si el ingeniero encargado de la recepción de las obras certifica que las ha encontrado en buen estado y ejecutadas con arreglo a condiciones, se darán por recibidas definitivamente por el Bureau de Obras Públicas y aprobada que sea la liquidación final por el Comisionado del Interior quedará el contratista relevado de la responsabilidad del contrato y se le devolverá la fianza; *Disponiéndose, sin embargo,* que dicha devolución y cancelación no tendrá efecto hasta que el contratista presente testimonio suficiente de haber satisfecho todas las reclamaciones que se hayan presentado durante el curso de las obras por trabajo o material suministrado y por daños a los propietarios."

Cita el apelante el artículo 1068 del Código Civil, edición de 1930, según el cual cuando el cumplimiento de las condiciones dependa de la exclusiva voluntad del deudor, la obligación condicional será nula.

Es claro y evidente que el Sr. Guerrero en este caso no es deudor del Gobierno Insular. Es un contratista con derecho a cobrar los fondos retenidos por el Tesorero cuando haya cumplido con las condiciones estipuladas en el contrato. Del cumplimiento de estas condiciones depende que el Sr. Guerrero pueda cobrar los fondos mencionados. Estas condiciones, aceptadas por el contratista, en nada afectan la validez del contrato.

En el segundo y tercer error se alega que la corte erró al resolver que los fondos pertenecientes al contratista Guillermo J. Guerrero, los cuales le son debidos por El

Pueblo de Puerto Rico por concepto del contrato, no son embargables y que cometió error también al declarar con lugar la moción sobre nulidad de embargo presentada por los interventores especiales.

Del texto del contrato se deduce que el Comisionado del Interior quiso ofrecer alguna protección a los acreedores del Sr. Guerrero por los materiales que pudieran suministrarse para la construcción de la carretera, por la mano de obra y los daños que pudiesen ocasionarse a los propietarios. Estrictamente hablando no puede decirse que estos fondos pertenezcan al demandado Guerrero. Pertenecerán a él cuando demuestre que ha pagado todas las reclamaciones que se mencionan en el contrato. Mientras tanto los acreedores tienen derecho a esperar para su propia protección que esos fondos permanezcan en poder del Gobierno Insular. El contratista no tiene derecho a exigir el pago de dicha cantidad mientras no haya cumplido las condiciones aceptadas por él, y si el Sr. Guerrero no puede exigir el pago de esa suma, tampoco puede exigirlo la demandante, por el hecho de haber obtenido una sentencia en contra del demandado. La demandante no puede adquirir derechos que el mismo demandado está impedido de ejercitar. Por otra parte no surge de la transcripción de autos elevada a este tribunal que la demandante figure entre los acreedores que tengan reclamaciones contra el contratista por trabajo o materiales suministrados o por daños a los propietarios. Y aun en este caso la demandante no podría obtener el privilegio de embargar los fondos retenidos por el Tesorero, para cobrar su crédito con perjuicio de los demás acreedores. Ningún acreedor puede obtener este privilegio. No cometió error la corte inferior al decretar la nulidad del embargo.

Ahora bien, estos fondos no deben quedar indefinidamente en poder del Tesorero. No es esa la intención del Gobierno, según se demuestra por la prueba practicada. Los acreedores del contratista tienen derecho a que se les pague en

todo o en parte su reclamación. El Sr. Miguel Angel Montilla, ingeniero de construcción del Departamento del Interior, declara que los fondos retenidos por el Tesorero ascienden a $2,391.81 y las reclamaciones que se han presentado a $6,000 más o menos. El contratista hizo entrega de la obra, la cual fué aceptada por el Departamento del Interior. El Subcomisionado del Interior, Sr. Gustavo A. Ramírez, declara que cuando ocurre un caso como éste, lo que hace el Departamento es escribir a todos los acreedores, proponiéndoles un prorrateo. Si todos están conformes entonces se lleva a cabo dicho prorrateo.

La declaración del Sr. Ramírez pone de relieve la actitud del Gobierno en estos casos. Sin embargo, si el Comisionado del Interior o el funcionario que retiene estos fondos no toma acción alguna para solucionar este asunto a satisfacción de las partes interesadas, incumbe a estas partes tomar la iniciativa para conseguir una solución satisfactoria. Posiblemente pueda alcanzarse este fin mediante un procedimiento equitativo, como por ejemplo una demanda de acreedores o *creditors' bill* que es un procedimiento en equidad utilizado por los acreedores para obtener el pago de sus deudas cuando los bienes del deudor no pueden ser embargados o vendidos en ejecución de sentencia.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Sr. Wolf está conforme con la confirmación de la resolución, pero cree que debe devolverse el caso a la corte inferior para ulteriores procedimientos.

El Juez Asociado Sr. Aldrey no intervino.

OPINIÓN CONCURRENTE DEL JUEZ ASOCIADO SEÑOR WOLF

Toda vez que el Tesorero y el Auditor comparecieron voluntariamente, la corte adquirió jurisdicción sobre ellos y, a instancias de la demandante, pudo convertir el pleito en un *creditors' bill* o algo de esa índole, y de ese modo disponer de los fondos en poder del Tesorero sin otro procedimiento especial.